**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Eckford BREEN, Defendant-Appellant.**

**No. 19607.**

United States Court of Appeals Sixth Circuit.

Dec. 30, 1969.

Dale Quillen, Nashville, Tenn., for appellant.

George LeFevre, Asst. U. S. Atty., Smithville, Tenn., Charles H. Anderson, U. S. Atty., Wm. Buford Bates, Asst. U. S. Atty., Nashville, Tenn., on brief for appellee.

Before CELEBREZZE, McCREE and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal of a conviction by a jury verdict for transporting in interstate commerce a stolen motor vehicle, knowing said motor vehicle to have been stolen. 18 U.S.C. § 2312.

In April, 1967, two agents of the Federal Bureau of Investigation, Mr. Norwood and Mr. Dunkling, interviewed Appellant at his place of business about a reportedly stolen car which Appellant had allegedly had in his possession. The Appellant testified that he would characterize the form of his interview with the agents as a conversation, and that nothing was ever said to him about arrest. The trial court found:

> [T]here is no indication here that he was taken into custody, and certainly not in any physical sense. He was not issued any order. He voluntarily answered questions, as far as I can see. His freedom of action and movement were not curtailed in any significant delay.

Agent Norwood further testified that he was not operating under the theory that the Appellant stole the automobile. He testified that:

> "I was to talk to Mr. Breen to find out the circumstances around the car, where he got it, who he got it from, what sort of title he might have on it.
>
> * * * * * *
>
> "I didn't know whether he was an innocent purchaser who had obtained it from another individual or just exactly what the status of it was, so far as he was concerned."

In March, 1967, eleven months after the interview took place an indictment was returned in Tennessee and a warrant issued for the arrest of Mr. Breen. He was apprehended in June, 1968 in Chicago, Illinois three months after a warrant for his arrest was issued. All subsequent delays between June, 1968, and February, 1969, when the trial commenced were either at the exclusive request of Appellant or for the joint benefit of both parties.

Appellant alleges that no testimony should have been admitted at trial concerning his discussions with Mr. Norwood and Mr. Dunkling because the agents failed to inform him of his right to remain silent and to have counsel present at a custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). The District Court found that the Appellant was not the subject of custodial interrogation applying the *Miranda* standard. 384 U.S. at 444, 86 S.Ct. 1602. Upon examination of the record, we hold that finding is not "clearly erroneous." Fed.R.Civ.Proc. 52(a).

Appellant further claims that delay in bringing charges against him and in prosecuting the suit against against him violated his constitutional rights. On the facts before us, we have no evidence of any unexcused delay. The investigation had not yet focused on Appellant in April, 1967; and there is no evidence of unexcused or deliberate pre-arrest delay on the part of the authorities in pursuing the investigation. Any delays subsequent to arrest were

occasioned by requests from the Appellant or for the joint benefit of both parties.

There being no merit to Appellant's claims of error, the judgment of the District Court is affirmed.